UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM ARMOUR,

    Plaintiff,

v.

DUNCAN MACLAREN,

    Defendant.

Case No. 15-10753
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY [7]**

In 2007, William Armour was convicted of, among other things, second-degree murder. After pursing direct appeals and post-conviction relief in the state courts without success, Armour filed a petition for habeas corpus with this Court. The claims in Armour's petition appear to be exhausted. But he maintains that he now has two new ways to attack his conviction in state court—based on the Michigan Supreme Court's decision in *People v. Lockridge*, 498 Mich. 358, 870 N.W.2d 502 (2015) and the United States Supreme Court's decision in *Lafler v. Cooper*, — U.S. —, 132 S. Ct. 1376, 1385, 182 L. Ed. 2d 398 (2012). So he asks this Court to hold off on ruling on his petition while he again seeks post-conviction relief from the state trial court. For the reasons the follow, the Court will grant Armour's request.

When, as here, a court decides whether to hold in abeyance a habeas corpus petition that contains only exhausted claims, the question is not whether to stay or *dismiss* the petition (as would be the case with a petition containing both exhausted and unexhausted claims) but whether to stay or *proceed*. *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 941 (E.D. Mich. 2015). The following factors inform a federal court's decision to proceed in parallel with state post-conviction proceedings or instead hold a habeas corpus petition in abeyance:

(1) whether the exhausted claims in the petition are plainly meritorious while the unexhausted claims plainly meritless (if so, proceeding to adjudicate the claims in the petition would avoid unnecessary expenditure of state court resources while still respecting the policies underlying exhaustion);

(2) whether the unexhausted claims are potentially meritorious (if so, allowing the state court to adjudicate them first might save federal court resources, furthering the policies underlying exhaustion);

(3) whether the unexhausted claims could be the bases for a viable second habeas petition (if so, staying until post-conviction proceedings are complete and then allowing petitioner to amend the pending petition would avoid the hurdles involved in filing a successive habeas petition);

(4) whether the exhausted and unexhausted claims are legally or factually related (if so, it might be preferable for a federal court to delay ruling on an exhausted claim to avoid affecting the state court's view of an unexhausted claim);

(5) whether the habeas petitioner has good cause for seeking the stay (if not, the consequences of requiring a petitioner to proceed in two courts at once are less unfair to the petitioner);

(6) the potential prejudice to the party opposing the habeas corpus petition; and

(7) any other considerations relating to judicial economy and federal-state relations.

See *Thomas*, 89 F. Supp. 3d at 941–43.

Applying the *Thomas* factors to this case suggests that a stay is proper. On a preliminary review, Armour's habeas corpus claims do not strike the Court as obviously warranting relief: Armour has made plausible arguments (e.g., that the denial of his right to counsel of choice was

a structural error not requiring him to show prejudice), but Warden MacLaren has made plausible counter-arguments (e.g., that the denial of the right to counsel of choice was during a photographic lineup, which is not a critical stage of criminal proceedings). And the Court cannot say that Armour's unexhausted claims are plainly meritless. In *People v. Lockridge*, 498 Mich. 358, 373–74, 870 N.W.2d 502, 511 (2015), the Michigan Supreme Court held, "to the extent that [offense variables] scored on the basis of facts not admitted by the defendant or necessarily found by the jury verdict increase the floor of the guidelines range, i.e, the defendant's 'mandatory minimum' sentence, that procedure violates the Sixth Amendment." Here, Armour implies that several offense variables exposed him to a greater sentence, and the factual underpinnings of these variables were found by the judge at sentencing (for example, the judge scored one variable based on a finding that the victim's family member suffered serious psychological injury). The Court recognizes that Armour has already filed one motion for post-conviction relief, reducing the likelihood that he will succeed with another post-conviction motion. *See* Mich. Ct. Rule 6.502(G). But, as far as this Court can tell, neither the Michigan Court of Appeals nor the Michigan Supreme Court have held that *Lockridge* does not apply retroactively, and Michigan Court Rule 6.502(G)(2) allows for a second motion based on "a retroactive change in law that occurred after the first motion for relief from judgment." The fourth and fifth factors are mixed: while Armour's *Lockridge* claims appear unrelated to the exhausted claims in his petition, Armour also has a good basis for not having pursued that claim in state court before seeking habeas relief—*Lockridge* was decided after he filed his petition. On balance then, the *Thomas* factors favor a stay.[1]

---

[1] The Court acknowledges that Armour intends to seek state post-conviction relief on a second unexhausted claim, but a review of his *Lockridge* claim suffices for a *Thomas* analysis.

The Court thus GRANTS Armour's motion to stay and hold his habeas petition in abeyance (Dkt. 7). To the extent he has not already done so, Armour must file a motion for relief from judgment in state court within 60 days of entry of this order and then immediately file a notice with this Court that includes proof of the state court filing and a copy of the filing itself. If he fails to timely notify the Court that he has sought state post-conviction relief, the Court will proceed to adjudicate the petition as it stands. Within 60 days after the conclusion of the state post-conviction proceedings, Armour may amend his habeas petition to add his new claims. Otherwise, petitioner must inform the Court that he will proceed with the petition as is. To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this order shall be considered a disposition of petitioner's petition.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  December 4, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 4, 2015.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson