UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM ARMOUR,

    Petitioner,

v.

CONNIE HORTON,

    Respondent.

Case No. 15-10753
Honorable Laurie J. Michelson

## OPINION AND ORDER DENYING
## PETITIONER'S SECOND REQUEST TO STAY [23]

William Armour again asks this Court to stay this already three-year-old case so he can return to state court to file a motion for relief from judgment (his third). The request will be denied.

In 2007, Armour was convicted of, among other things, second-degree murder. After pursuing direct appeals and post-conviction relief in the state courts without success, Armour filed a petition for habeas corpus with this Court. It appeared that the claims in Armour's petition were exhausted. But Armour said that he had two unexhausted avenues for attacking his conviction—one based on the Michigan Supreme Court's decision in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), and the other based on the United States Supreme Court's decision in *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012). So he asked this Court to hold off on ruling on his petition while he filed a second motion for relief from judgment in the state trial court. The Court granted that request and stayed this case. *See Armour v. MacLaren*, No. 15-10753, 2015 WL 9918195, at *2 (E.D. Mich. Dec. 4, 2015). The Court contemplated that upon return to this Court, Armour would file an amended petition containing the claims he had raised originally along with the two newly-exhausted claims. *Id.*

In August (or late July) 2017, Armour asked this Court to resume this habeas case. This Court reopened this case and granted Armour extra time to file an amended petition. (R. 15.)

In November 2017, Amour filed his amended petition. (R. 18.) It appears that the amended petition has four claims (the petition is not entirely clear on this point, more on this below).

Armour has also informed this Court that his fourth claim is not exhausted. In that claim, Armour alleges that he is "actually innocent" and, in support, relies on an August 2011 affidavit from Caserae Barnett. (*See* R. 18, PageID.1525.) Armour asks this Court "to dismiss, without prejudice, his present petition for writ of habeas corpus due to his failure to exhaust Habeas Claim IV . . . or, alternatively, to hold the petition in abeyance pending state-court exhaustion." (R. 23, PageID.1842.)

The Court will not again hold the petition in abeyance. Armour has already filed two motions for relief judgment. And, with two limited exceptions, "one and only one motion for relief from judgment may be *filed* with regard to a conviction." Mich. Ct. R. 6.502(G)(1) (emphasis added). The exceptions: the second motion for relief from judgment is "based on a retroactive change in law that occurred after the first motion for relief from judgment" or based on "a claim of new evidence that was not discovered before the first such motion." Mich. Ct. R. 6.502(G)(2). Here, Armour says that he had the Barnett affidavit when he filed his most-recent motion for relief from judgment. (R. 23, PageID.1838.) Indeed, he apparently attached it to that motion. (*Id.*) So the affidavit is not "new evidence that was not discovered before [the last] such motion." *See* Mich. Ct. R. 6.502(G)(2). And a claim that someone else committed the crime for which Armour was convicted is not based on a "change in law that occurred after the [last] motion for relief from judgment." *See id.* So, in all likelihood, if Armour returned to state court, his third motion for relief from judgment would not be accepted for filing. Thus, even if the substance of the actual-

innocence claim is not "plainly meritless," *Rhines v. Weber*, 544 U.S. 269, 277 (2005), it would not forward the comity or federalism principles underlying exhaustion to stay this case while Armour files a third motion for relief from judgment.

In any event, Armour lacks "good cause" for a stay. *See Rhines*, 544 U.S. at 277. Because Armour had Barnett's affidavit at the time of his last motion for relief from judgment, it is not obvious why Armour was unable to raise his actual-innocence claim in that motion. And Armour has provided no explanation for not raising the claim. So a stay is not proper for this additional reason.

As noted, as an alternative to a stay, Armour asks this Court to dismiss his petition without prejudice. But dismissal would likely result in any subsequent petition for habeas corpus being barred by AEDPA's one-year statute of limitations.

In view of this potential statute-of-limitations problem, if Armour would still like the Court to dismiss his petition without prejudice, he must notify the Court of that desire by July 31, 2018. But, again, Armour is warned that dismissal, even without prejudice, may result in the inability to seek federal habeas corpus relief in the future.

Also by July 31, 2018, Armour must list for the Court the claims in his amended petition for which he is seeking habeas corpus relief. Some claims in the amended petition seem to be recited as part of the procedural history of this case and not necessarily claims he would like this Court to address. The Court is *not* granting leave to add new or different claims—only to identify the asserted claims in the existing habeas corpus petition.

SO ORDERED.

Dated: July 2, 2018

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 2, 2018.

                                        s/Keisha Jackson
                                        Case Manager